You shouldn't take it personally that he's throwing your briefs away. Actually, they're going in the shredder. You don't know what we have back here. All right, the next case before the court is 161480, again, VernetX Inc. v. Apple, Inc. Now we're going back to you, Mr. Tremellier, and again, you want three minutes, right? Yes, Your Honor, please. Minus, of course, what your brother used up. If you want to enforce that trace, Judge Wallach, I will not object. Yes, somebody in my office said, are we going to just have these argued all together? I said, there is no way. It's hard enough to keep it straight as it is. Okay. Your Honor, may it please the court. The board's decision below is premised on erroneous claim construction, which we discussed in an earlier appeal. The decision also fundamentally misreads the references. With respect to both Besser and Provino, the board impermissibly combined multiple devices to find anticipation of a single claim devices, even though the references did not disclose such combination. For Besser, the board's combination of devices 14 and 24 and 16 and 26 would defeat the very purpose of Besser's system, which uses devices 14 and 16 to keep private the identity of devices 24 and 26. But putting aside the claim construction question, I mean, Besser does disclose that the different devices can be physically combined, right? Besser disclosed at one point that it does disclose that, in fact, you can connect, let's say, the telephone to the other device. But the very purpose still, if you look at the functionality of Besser, the purpose of Besser, the design is to keep the private community, to keep the identity and the IP addresses of 24 and 26 private. So even though the devices can be physically connected, that doesn't actually mean that in functionality, it is permissible for the purpose of determining whether the claims were anticipated to combine the mapping of devices 14 and 24 onto one device and 16 and 26 onto the second device. And second, also, if the court looks at Besser, the Besser does not disclose the claim sending and receiving features because there is no single device in Besser that performs both of those functions. But I mean, that still makes this case very different from the net money in, or even the blue Calypso, right? Your Honor, net money, I would say that actually the principle we're advocating is the principle that was endorsed by this course in net money, blue Calypso, and Canon Metal. The case is different, I'll admit, from net money. But also, it's actually, it's also different from blue Calypso in a way that I think helps us. Because in blue Calypso, there is clear indication that the references contemplated the combination, except perhaps for one particular aspect. So in this case, and our expert testified, there is no indication in Besser that Besser contemplated the combination of 14 and 24 and 16 and 26 in order to find actually the function that is claimed in our patent. Your Honor, to turn to Purvina, which is a different reference, in Purvina, there is no device that is associated with both secure and unsecure name. And the board found such association for server 31, but that device has no unsecure name, and no such name for this device is contained on name server 17. Finally, as to Mattaway, the board adopted a new ground of rejection when it asserted that the call message constitutes the claim message of a desire to securely communicate. The examiner mapped the prior connect message to the claim limitation, and the call message cannot constitute the claim message in any event because of the subsequent to and separate from any request for communication in Mattaway. The call message is the actual communication between the two devices, and so therefore, at least a remand to the board would be required on that issue. Turning to claim construction... Wait, so you're saying the call message can be the call itself, even though the call can be rejected? Your Honor, the call message is the call itself. Now, I would actually note that Apple makes the argument about the reject to reject message, which can be received back. Or the busy message. Or the busy message. Those arguments, in fact, were not presented to the board. So if this court thinks that those, the reject and the busy signals, actually indicate some different determination, I think the board should be entitled to make the determination in the first instance. But if this court looks at how the examiner construed what the examiner said about the connect message, it is the connect message that the examiner acknowledged was the message of the desire to communicate. So once that message is over, then the call message is a separate message that is the actual communication. So there is a clear distinction between the connect message and the call message in Mataway. Because the call message is the actual call between the two devices at the end. And in addition for Mataway, we also do have an argument that Mataway does not disclose the claim's secure name and unsecure name. Certainly we argue that it does not disclose it on our construction of a secure name, which requires resolution by a secure domain name service, and also which facilitates the establishment of a secure communication link. But we also do argue that, in fact, it does not disclose it, even under the board's rationale, because there are no aliases in Mataway that are in fact unsecure. Both aliases at the issue in Mataway behave in the same fashion. And turning on to the claim construction, the reason we argue that the board construed the secure name and unsecure name incorrectly is because by reference to the specification, the entire design of the system with respect to those names looks at whether or not there is a resolution by a secure domain name system, and whether or not there is an establishment of a secure communication link. So the board's construction, which said that the secure name is simply a name that connotes some level of security, is entirely divorced from the specification. But there are protective measures in Mataway that would denote security, right? You're talking about a firewall. Your Honor, there is a firewall. So there is a protective measure in the firewall. Now we would say under our claim construction that actually that is not sufficient to make that a secure name. But more importantly, there is also no unsecure name in Mataway because the two names in Mataway that the board asserted were secure and unsecure are actually functionally identical. And this was a discussion at the appendix 25 and 26 to which we responded now for opening brief on pages 57 and 60, demonstrating that argument. I would like to address the question a little bit more, the question that I mentioned that BASR actually does not anticipate the claimed receiving and sending functions. And the reason is because there is no single device that performs that. There is no sending function because the tunneling association is formed solely between devices 24 and 26. And the board's mapping actually considered devices 14 and 24 and 16 and 26 together. But more importantly, there is no receiving function because the message in BASR, the message that the board said is equivalent to a message of a desire to securely communicate is received at device 30. And it is acted by that trusted third-party device 30. So there is no message that is actually received either by the first device or the second device. And... But I mean, that really depends on our concluding that there shouldn't be a combination of the terminating network devices, right? Your Honor, that is correct. We think with respect to the sending function it does depend on your determination which we submit you should make that the board permissibly combined the two devices to find the first device and the second device. We think that with respect to the receiving function even under the board's mapping the message is received at device 30. It does not receive that either of the other two devices. So we think that with respect to receiving our argument is in fact stronger. And the court can't even hold for us on that point even if it accepts the board's mapping. But in this instance though you've got this third-party network device that is acting as a negotiator, right? Yes, Your Honor, it does. So how is there no receiving? I'm not following that. Because the claims actually require that there is receiving at the network address corresponding to the security name associated with the first device and the message is received by device 30. It is not received by the first device. Whether or not you consider that first device to be device 26 or a combination of devices 16 and 26. So we think that the receive by third-party device 30 of the message actually interrupts that chain. And so that particular receiving claim limitation is not being met. Your Honor, the other issue I would like to address is briefly is that with respect to claims 1011, Vessar's Tunneling Association is not set up as we argued at the time that the alleged network address is received. So we think there is no anticipation with respect to that claim. This is something we are now opening brief at pages 54 and 55. And also we think that with respect to Provino there is no disclosure of a secure name. Certainly not under our construction but also there is no disclosure under even the board's construction because if a court looks at name servers 17 and 32 they operate in the same manner. Neither of those servers can resolve secure names. And neither of those servers actually supports establishing a secure communication link because by that point the secure connection is already established. Unless the court has other questions? No, thank you. Thank you, Your Honor. We'll save the rest of your time for Roboto. Thank you, Your Honor. Thank you again, Judge O'Malley. May it please the court. In this reexamination proceeding the examiner found the claims of the 181 patent were all unpatentable maintaining 11 separate rejections involving 6 different primary references on both anticipation and obviousness grounds. The PTAB affirmed and in so doing only needed to reach 3 of those grounds finding that all of the claims were anticipated either by Beezer, Mattaway, or Provino and most of them anticipated by all 3 prior references. Now as in both of the prior proceedings before the court they raised several claim construction arguments but once again these claim construction arguments do not matter because the board found that the claims were anticipated even under Vernetics' constructions and you see that with respect to secure name and unsecured name at Appendix 9. Also because of the overlap if the court agrees as to the unpatentability over say Provino and Mattaway which are only briefly addressed in Vernetics' briefs you don't even have to address anticipation by Beezer and similarly if you found by Beezer and Mattaway you wouldn't have to address as to Provino. Now my colleague started with this issue of a combination of devices and there's a couple of things that I just want to point out to the court both from Beezer's specification and from the 181 specification. First, the Beezer itself specifically contemplates and discloses that devices are going to be associated with one another. It says it very explicitly at column 11 lines 26 to 28 column 22 lines 14 to 16 and that's entirely consistent with the 181 specification. The 181 specification contemplates that a device need not be a particular limited physical construct but can include a combinations quote for convenience or not, and you see that reflected at column 40. So is it enough to be associated or does it have to teach that they can actually be combined into the same device? Sure Judge O'Malley, so there are two reasons why Vernetics is wrong here. They're wrong on the facts because it's enough that the devices be associated. The claim terms themselves talk about being associated they don't require that it be uniquely assigned to So the fact is the network address of 16 is the network address corresponding to the secure name associated with 26. And second, under this court's teachings in Blue Calypso and KineMetal, of course the functionality doesn't have to be within the same box and here of course it performs exactly the same functions. And again, the 181, if you look at column 48, line 67 to column 50, line 1, talks about connecting through an edge router and that's analogous to what you have here. And the same points made at column 51, line 20. With respect to, so I think this issue of combination is a little bit of a red herring because again, all the claims require is that one be associated with the other and they plainly are. And even if that weren't enough the court, of course, has made clear that functionality doesn't have to be limited to a particular black box particularly when you're talking about what this court described in Williamson v. Citrix as a nonce word like device. And so this case also is, I think, fundamentally different from NetMoneyIn because you're not talking about combining things from different embodiments. It's all one embodiment of Beezer or one embodiment of Proveno and it's literally where you draw the box assuming that you even get to that issue. Do you agree that the board really necessarily relied on the combination? Well, I think that the board necessarily relied at a minimum on the association between the two. So whether or not you have the board having to rely on a combining of the features or just simply the fact that the Proveno secure server 31S is necessarily associated with firewall 30 because if you want to send something to 31S, you have to address it to 30. Either way, I think the board's decision is amply supported in those regards. With respect to Proveno just briefly, even accepting the Vernetics' views about a secure name, which once again with secure name and other limitations, they're trying to bootstrap other limitations from what are very broad claims, claims that were prosecuted while they were in litigation against my client and they're trying to bootstrap in order to save those claims but regardless, the board found that Proveno satisfied the requirement that if you had to have additional functionality even beyond a conventional name server, that additional functionality was provided that did more than the conventional scheme precisely because the name server 32 returned it to the firewall. The firewall then returned it encrypted to the requester, which is different from the conventional scheme even if you want to say that they had limited themselves that way. And then with respect to Mattaway, other than their claim construction points which again, I think are readily met here for the reasons the board identified, essentially three arguments, that the board didn't address the secure name service of claim 2, that's similar to the issue that we discussed in the last argument the board did specifically address all of the arguments that they had made with respect to claim, the issues with respect to claim 2 because they didn't raise something separate about the secure name service. And the board addressed what they did raise. But what's your response to the argument, the pretty basic argument that while it wasn't their burden, it was your burden to establish that something was invalid and the board shouldn't find something invalid if there's no basis for doing that regardless of what they argued? Sure, well the basic argument here is that the examiner found that claim 2 wasn't valid and explained that and under 37 CFR 41.77 the board is simply when it affirms in a general affirmance with respect to a particular reference, it's affirming the examiner's reasoning with respect to that reference and I would also say that the board specifically pointed to our arguments and referenced our arguments which did of course explain why those limitations were satisfied. The main point that my colleague made with respect to Mattaway was on the treatment of the message of the desire to securely communicate and they don't argue that Mattaway fails to disclose that limitation, they just argue that the board on appeal affirmed on different grounds from the examiner's rejection and that's just simply not so. If you look and you can compare it yourself at Appendix 2559, that's the examiner's discussion of the issue and where the examiner recognized that the first communication to the second device was in the form of the call message and the board makes the same point at Appendix 27 to 28 because the communications involving the connect message that the examiner refers to prior to that were not messages with the end device, they were messages with the global server. So the board's reasoning at Appendix 27 to 28 is exactly the same as what the examiner found at 2559. I believe I've now addressed all of the issues that were raised by my colleague if there are questions that the court has on these or other points I'm of course happy to address them but the board found all of these claims to have been respectfully should be affirmed. Anything more? Okay, thank you Mr. O'Quinn. Thank you. You're not arguing the fourth case today, are you Mr. O'Quinn? No, Your Honor. Two is still quite enough.  points in response to Mr. O'Quinn's comments. With respect to BASR and the word associated, I mean we do acknowledge that obviously the claim language uses the term associated but again our central point is twofold. One is for BASR the court should look at the fundamental design of BASR and it is to hide, to keep private the identities of devices 24 and 26. So that shows that despite the associated language in the claims, the combination of the very purpose of BASR is to keep those devices separate in order to keep private devices, the identity of devices 24 and 26. With respect to Pravino, our argument   BASR is not an instance where the prior art actually contemplated First of all, there is also a similar combination of the multiple devices that was not disclosed in Pravino but more importantly, name server 17 that the board said is actually the unsecured name for server 31S is really not that. That finding is not supported by evidence because actually what it is, it's the IP address of firewall 30. It's not an alternative unsecured name for server 31 and that argument is presented in our reply brief on page 28 as well as opening brief on page 65. Let me go back a minute, are you saying Pravino doesn't have you're not saying that Pravino teaches away from the combination, are you? No, we're not saying that Pravino teaches away from the combination but we're saying that first of all there is no disclosure in Pravino that Pravino contemplates the combination but more importantly, I think our best argument in Pravino is that there is no unsecured name that is associated with the device and that name server 17 is not an unsecured name so we think that is the best argument that we have for Pravino With respect to Mataway, actually it is not correct that we only argued a new ground of rejection, we do argue it but we also did present a substantive argument and this is in our opening brief on page 62 that as I mentioned in my opening statement that the call message cannot be the message of a request to securely communicate, it is a separate substantively different communication between devices so we did present the argument that the board's conclusion that constitutes a message of a desire to securely communicate is not supported by evidence in that respect Unless the board has other questions No, that's okay, thank you Thank you very much